W.C. FALKENHEINER, Judge Pro Tern.
Plaintiff, Darrell Pilgram, appeals from the dismissal of his suit against one of the Defendants, Robert B. Tudor, Jr., on a motion for summary judgment.
Pilgram had brought suit against Tudor and the other Defendants to recover damages because of personal injuries suffered by him when he was working as a painter on Tudor’s home. Plaintiff contends that the Trial Court erred in granting the motion for summary judgment in the following respects:
1. Defendant’s motion for summary judgment was erroneously granted where there existed outstanding issues of material fact, namely, whether Tudor should have known of the dangers presented on his premises.
2. Defendant’s motion for summary judgment was erroneously granted where Defendant’s affidavits, in support of his motion for summary judgment, contradicted the admissions previously made by Defendant in his pleadings.
FACTS
Tudor owned a residence in Pineville, Louisiana and he either contracted with Tudor Construction, Inc., one of the Defendants, for the renovation of the premises, and the construction company subcontracted the painting portion to Precision Painting & Drywall and the roofing portion to Williford Roofing & Sheet Metal, Inc., or Tudor had contracted directly with those entities for the painting and roofing work to be done on his house.
Plaintiff was a painter and was employed by Precision to perform painting work on the house. While he was in the scope and course of his employment, a roll of tar paper fell from the roof causing injury to Plaintiff for which he brings this action.
Plaintiff sued Williford and its liability insurer, Tudor Construction Company, Inc., and Robert B. Tudor.[1]
Robert B. Tudor, Jr. filed the motion for summary judgment which was granted. Darrell Pilgram, Plaintiff, is the sole appellant.
THE SUMMARY JUDGMENT
Defendant-appellee, contends that there is no genuine issue of material fact remain *271 ing in the case, whereas Plaintiff-appellant urges the errors set out above.
In Glass Services Unlimited v. Modular Quarters, 478 So.2d 1005 (La.App.3d Cir. 1985) pertinent rules covering summary judgments were summarized as follows:
“Summary judgment is designed to dispose of frivolous demands and defenses. It is appropriate only when there is no genuine issue of material fact and mover is entitled to judgment as a matter of law. LSA C.C.P. Art. 966; Schaefer v. Lynch, 406 So.2d 185 (La.1981). Only when reasonable minds must be inevitably concur is summary judgment warranted, and any doubts should be resolved in favor of trial on the merits. Verrett v. Cameron Telephone Co., 417 So.2d 1319 (La.App. 3rd Cir.1982), writ denied, 422 So.2d 164 (La.1982).
On a motion for summary judgment the trial court must first determine whether the moving party’s supporting documents are insufficient, the motion for summary judgment must be denied. Only if the supporting documents are sufficient does the burden shift to the opposing party to present evidence of material facts at issue; if mover meets this burden then the opposing party can no longer rest on the allegations and denials contained in the pleadings. Charqois v. Trip-L-Quik, 441 So.2d 45 (La.App. 3rd Cir.1983).”
Article 966 of the Code of Civil Procedure sets out the matters to be examined by the court in order to determine whether a genuine issue as to material fact remains. In this case, those items are the pleadings consisting of the petition and answer, the answer of Plaintiff to interrogatories, and the affidavit of the Defendant. Plaintiff declined to produce any affidavits, although he was given an extension of time within which to do so. The answer to the interrogatories contained no information pertinent to the issue at hand. Thus the moving party’s documents in this case are the pleadings and the affidavit. These form the record which must reflect that there is no genuine issue as to material fact in the case.
Plaintiff-appellant urges that this record does not address an issue of material fact, i.e. “whether Tudor should have known of the danger presented on his premises”. He is not specific as to the kind, description, or danger to which he refers. His petition contains no allegations of specific defects on Defendant’s premises, nor of any particular specified dangers. His pleadings do not raise a strict liability issue under Civil Code Article 2317.
In the absence of specific allegations, it is highly questionable whether or not general knowledge of a homeowner who has contracted with independent contractors for work to be done on his premises is a material fact. One could speculate endlessly on the possibility of dangers which might exist on a construction or renovation project on a house, including the possibility that one of the workers might drop or lose control of objects which would fall or strike other workers. Whether or not the homeowner had knowledge of these general dangers inherent in the project is not a material fact in this case. Moreover, the record in this case clearly established:
1. That Defendant-appellee contracted with others to repair his house and he had no contractual relationship with Plaintiff-appellant.
2. That Defendant-appellee did not personally supervise or exercise any control over the work of Plaintiff-appellant or his employer.
3. That Defendant-appellee was not present at the time of Plaintiff-appellant’s injury.
4. That Defendant-appellee exercised no supervision or control over Williford or any of its employees.
5. That the roll of tar paper which injured Plaintiff-appellant was brought onto the premises by Williford and Defendant-appellant had no knowledge of, or control over, it.
If the homeowner’s knowledge of the fact that a roll of tar paper might roll off *272 the roof and pose a danger to others legitimately on the premises is a material fact within the context of this case, this record shows conclusively that Defendant-appellee had no such specific knowledge. There is nothing to indicate that Defendant-appellee was even aware that there was any tar paper on his premises, or that it was present at such time, and under such circumstances, as might pose a danger to anyone.
Accordingly, Plaintiff-appellant’s first specification of error is without merit.
Plaintiff-appellant also urges that the Court was in error in granting the Defendant’s motion because the affidavit of Defendant allegedly contradicted admissions previously made by Defendant in his pleadings. Plaintiff’s petition alleged that Defendant-appellee had a contract with Tudor Construction Company, Inc. as general contractor for the work being done at his residence. An answer was filed by the attorney representing Tudor Construction Company, Inc. and Robert B. Tudor which denied the foregoing allegation of Plaintiff’s petition. The answer then further affirmatively alleged that Robert B. Tudor, Jr., as owner of the premises, contracted with Williford and Precision for certain repairs on his residence.
Shortly after this answer had been filed, the present attorneys of record for Robert B. Tudor, Jr. filed a motion to enroll as his counsel and the motion was granted by the Court. These are the counsel who filed the motion for summary judgment now before the Court which includes the affidavit of Robert B. Tudor, Jr., one portion of which states that at no time on or prior to June 20, 1983, did Robert B. Tudor, Jr. personally enter into a contract with Darrell Pil-gram or Precision Painting for painting and/or repairs to the above described property.
There is a contradiction between the affidavit and the original answer filed by the attorney for both Tudor Construction Company and Robert B. Tudor. However, Robert B. Tudor did not sign that answer and there is no evidence that he was personally aware of that specific allegation. In any event, it does not appear that this technical contradiction has any bearing on the real issue in this case.
Under either version of the facts, that is the version set forth in the answer or the version set forth in Tudor’s affidavit, Plaintiff-appellant was the employee of an independent contractor. Tudor’s affidavit is more compatible with the allegation of Pil-gram’s petition that he had employed Tudor Construction Company as a general contractor than it is with the answer filed by the attorney. All of this casts some doubt over whether or not the answer in this case constituted a judicial confession as contemplated by Civil Code Article 2291 since there are no facts in this record which would indicate that the answer was filed with the specific knowledge of Tudor and that the attorney involved was his special attorney in fact as required by that Code article. All the other facts asserted in Tudor’s affidavit remain uncontradicted.
The question of whether Plaintiff-appellant was an employee of a subcontractor of the general contractor or the employee of a special independent contractor of the homeowner may be an unresolved fact, but it is not a material fact. The record clearly indicates that Tudor had no control over Plaintiff-appellant, that there were no inherent dangers on the premises which posed any unreasonable risk of harm to persons legitimately on the property, that Tudor was not the employer of Plaintiff-appellant and had no right to control any of his actions or activities.
Accordingly, the second assignment of error also lacks merit.
The judgment of the Trial Court is affirmed.
AFFIRMED.

. The record in this case and this opinion refer to both Robert B. Tudor and Robert B. Tudor, Jr. These are to be considered one and the same person within the context of this case.