525 So.2d 1189 (1988)
Mr. & Mrs. Donald HERRON
v.
LINCOLN PROPERTY COMPANY.
No. 87-CA-904.
Court of Appeal of Louisiana, Fifth Circuit.
May 16, 1988.
Alan L. Schwartzberg, Baton Rouge, Jack Mark Stolier, New Orleans, for plaintiffs-appellants.
Alan A. Zaunbrecher, Metairie, for defendant-appellee.
Before CHEHARDY, DUFRESNE and WICKER, JJ.
WICKER, Judge.
The plaintiffs, Mr. and Mrs. Donald Herron, appeal the dismissal of their personal injury suit against defendant, Esplanade I Associates Limited Partnership (ESPLANADE I), on a motion for summary judgment. At issue is the liability of the owner of a building under construction under either La.C.C. arts. 2317 or 2322. We affirm.
Herron was employed as a plumber by International Industrial Contractors, Inc. (INTERNATIONAL), in the construction of the Relais Esplanade Apartments. He leaned against a stud wall which was not yet secured, the wall swayed, and Herron fell fifteen feet. He sued Lincoln Property Company, a foreign corporation, as owner and builder in federal court. When Herron learned that the owner of the building was Esplanade I, a Louisiana domiciliary, Esplanade I was added as a defendant; and the case was remanded to state court.
Esplanade I filed third party demands against International and Stalder Construction Company (STALDER), alleging that Lincoln Property,[1] as its agent, contracted *1190 with International and Stalder for the construction of the Relais Esplanade.
Esplanade I moved for summary judgment on the grounds that it had no custody over the uncompleted building for purposes of La.C.C. art. 2317 and that a building under construction was not a ruin for purposes of La.C.C. art. 2322. The affidavit of Kenneth M. Prieur in support of the motion for summary judgment established that Prieur was the vice-president of Lincoln Contractors of Texas, Inc. and a partner in Esplanade I, and that Esplanade I had contracted with Lincoln Contractors as its general contractor. The affidavit of Eileen B. Chatelain, attorney for Lincoln Property, established that Lincoln Property was a management company with no responsibility until each completed section of the complex was turned over to it.
The trial judge denied the motion for summary judgment and gave Herron one hundred twenty days in which to obtain additional discovery, at which time Esplanade I would be allowed to re-urge its motion. No discovery was taken, and ultimately the motion for summary judgment was granted.
The basis for liability urged by Herron is La.C.C. art. 2317, "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody...." This article "embodies the concept of the legal fault of the guardian of a thing for the damage caused by the defect of his thing." Loescher v. Parr, 324 So.2d 441, 448 (La.1975).[2] We must decide if there exists a material issue of fact with regard to Esplanade I's "custody" of the property.
Prieur's unrebutted testimony was that Esplanade I never had "custody" of the building where Herron was injured. Before any construction began, Esplanade I turned vacant land over to Lincoln Contractors for the construction of apartment buildings; and Lincoln Contractors had the guardianship and custody of the jobsite. Consequently, it cannot be argued that Esplanade I retained the custody of a defective structure if it never had such custody in the first place. Furthermore, Prieur's testimony that Ed Wetzel, Lincoln Contractors' employee, had the day-to-day supervision of the project was also unrebutted. The question of whether Esplanade I, through Prieur, actually looked in on the project a couple of times a week to see how construction was progressing is not germane to finding that Esplanade I did not have "custody" of the building for purposes of La.C.C. art. 2317.
As a general rule, property owners are not liable for the negligence of independent contractors who are performing work for the owner.... [W]here the contract provides that the owner's control over the contractor is limited to providing plans and specifications and his only right is to insist that the job be performed in accordance with those plans and specification [sic], an independent contractor relationship exists and the owner is not vicariously liable for the contractor's negligence.

*1191 . . . . This general rule of non-liability has two exceptions: first, the owner may not avoid liability if the work undertaken by the independent contractor is inherently or intrinsically dangerous; second, the owner may be held liable if he exercises control over the contractor's methods of operation or gives express or implied authorization to an unsafe practice....
. . . .
The fact that Westminster [the owner] periodically inspected the job site to be sure that work was being performed in accordance with the specifications does not constitute the exercise of operational control and does not render Westminster liable for Favrot's negligence.
Williams v. Gervais F. Favrot Co., 499 So.2d 623, 625 & 626 (La.App. 4th Cir.1986), writ den. 503 So.2d 19 (La.1987). After applying these principles to the facts, the Fourth Circuit held that the summary judgment granted in favor of the owner of the building in which Williams was killed should be affirmed. Accord: Ainsworth v. Shell Offshore, Inc., 829 F.2d 548 (5th Cir. 1987).
We also hold that Esplanade I has no liability to Herron under the provisions of La.C.C. art. 2322: "The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction." This article does not "impose liability for ruin during the construction of a building...." Ainsworth v. Shell Offshore, Inc., supra at p. 552. See also Temple v. General Insurance Co. of America, 306 So.2d 915 (La. App. 1st Cir.1974), writ den. 310 So.2d 643 (La.1975).
The decision of the trial court granting Esplanade I a summary judgment was correct, and we therefore affirm. Herron must pay the costs of this appeal.
AFFIRMED.
NOTES
[1] Prieur's deposition shows that the parent corporation is Lincoln Property Company of Texas, Inc., doing business under the trade name of Lincoln Property Company. Lincoln scouted out appropriate properties for development. When such a property was found, Lincoln Property formed a limited partnership, such as Esplanade I, to purchase and hold title to the property. After the purchase of the property, Esplanade I contracted with Lincoln Contractors of Texas, Inc. for the construction of the buildings. Lincoln Contractors then contracted with companies such as International and Stander for the actual work. Esplanade I contracted with Lincoln Property for the management of the completed project.

Lincoln Property and Esplanade I share the same office space in Metairie. Prieur is vice-president of both Lincoln Property and Lincoln Construction, and he is the operating partner of Esplanade I with responsibility for its day-to-day operations. He visited the job site 2 to 4 times a week. All three entities are represented by Eileen B. Chatelain. While Lincoln Property was not one of the partners in Esplanade I, some of the officers of Lincoln Property were partners.
[2] The Court cites with approval Verlander, "We are Responsible ...", 2 Tulane Civil Law Forum, No. 2, p. 64 (1974): "[T]he things in one's care are those things to which one bears such a relationship as to have the right of direction and control over them, and to draw some kind of benefit from them. This relationship will ordinarily be associated with ownership, but the guardianship will also belong to the bailee, the lessee, the usufructuary, the borrower for use and the repairman, among others....", The owner may transfer the guardianship by transferring the thing to another who will bear such a relationship to the thing as to himself have the care of it...."