698 So.2d 727 (1997)
Arnold BARRON, et al., Plaintiffs-Appellants,
v.
Gerald WEBB, et al., Defendants-Appellees.
No. 29707-CA.
Court of Appeal of Louisiana, Second Circuit.
August 20, 1997.
*728 Gravel & Cespiva by Brian D. Cespiva, Alexandria, for Plaintiffs-Appellants.
Casten & Pearce by Marshall Pearce, Shreveport, for Defendants-Appellees.
Before MARVIN, BROWN and WILLIAMS, JJ.
BROWN, Judge.
Defendants, Gerald and Linda Webb and their homeowners insurer, State Farm, obtained a summary judgment dismissing plaintiffs' personal injury action. We affirm.

Facts
Pursuant to a written contract, James Wakefield d/b/a S & T Roofing was replacing the roof on the Webbs' residence. Plaintiff, Arnold Barron, went to the job site to pick up a truck he had loaned to a friend who was an employee of S & T Roofing. Rather than taking the truck and leaving, Barron waited for his friend to finish work. During this time, Barron walked around the job site noticing shingles and other debris on the ground.
Because of a diabetic condition, Barron had lost some sensation in his feet. Later that evening when he was taking off his shoes, Barron realized that he had stepped on two roofing nails that were embedded in his right shoe and foot. Allegedly due to an infection caused by the rusty roofing nails, Barron's leg was amputated.
Barron and his wife sued the Webbs, their insurer and James Wakefield d/b/a S & T Roofing. State Farm and the Webbs filed a motion for summary judgment alleging that S & T Roofing was an independent contractor and that a property owner is not liable for the negligence of such a contractor. The trial court granted the motion for summary judgment.
Plaintiffs appeal, contending that the trial court erred in granting the motion for summary judgment prior to "adequate discovery" and prior to service on the co-defendant, James Wakefield d/b/a S & T Roofing. Plaintiffs argue that discovery is necessary to develop the extent to which the Webbs supervised the work and their awareness of the hazardous conditions on their property.

Discussion
Plaintiffs first argue that the defendants' motion for summary judgment was premature because the parties had not conducted adequate discovery. Plaintiffs contend that the co-defendant, James Wakefield d/b/a S & T Roofing, has not been found and thus has not been served. They also contend that Gerald and Linda Webbs' depositions have not been taken. Plaintiffs argue that because adequate discovery has not been conducted, there are factual issues that are not resolved.
La. C.C.P. art. 966(A) provides that a defendant's motion for summary judgment may be made at any time and does not require the completion of discovery. See NAB Natural Resources v. Willamette, 28,555 (La.App.2d Cir. 08/21/96), 679 So.2d 477. The defendants were not precluded procedurally *729 from filing a motion for a partial summary judgment.
Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action allowed by law. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. Although the burden of proof still remains with the mover, the recent amendment to Article 966 overruled the jurisprudential attitude against summary judgment and now summary judgment procedure is favored. Acts 1996, 1st Ex.Sess., No. 9.
The mover has the burden of establishing an absence of a genuine issue of material fact. A fact is material if its existence or non-existence may be essential to the plaintiff's cause of action under the applicable theory of recovery. Curtis v. Curtis, 28,698 (La.App.2d Cir. 09/25/96), 680 So.2d 1327. Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Succession of Miramon v. Woods, 25,850 (La. App.2d Cir. 06/22/94), 639 So.2d 353.
Defendants contend they are not liable because S & T Roofing was an independent contractor. As a general rule, a property owner or a principal is not liable to a third party for the negligence of a contractor where the owner simply furnishes plans and specifications and reserves the right to insist that the job be performed in accordance with those plans and specifications. Thomas v. Albertsons, Inc., 28,950 (La.App.2d Cir. 12/11/96), 685 So.2d 1134; Massey v. Century Ready Mix Corp., 552 So.2d 565 (La.App. 2d Cir.1989).
In Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (1972), the supreme court defined an independent contractor as one who has contracted for:
... a specific piecework as a unit to be done according to the independent contractor's own methods, without being subject to the control and direction, in the performance of the service, of his employer ... It must also appear that a specific price for the overall undertaking is agreed upon; that its duration is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach.
See also Riles v. Truitt Jones Construction, 94-1224 (La.01/17/95), 648 So.2d 1296.
In the present case, defendants submitted as exhibits to their motion for summary judgment the contract with S & T Roofing, affidavits of Gerald and Linda Webb and excerpts of Barron's deposition. A certain price was listed in the contract for the specific job of replacing the roof at the Webbs' residence. Although the contract designated the materials to be used, the Webbs did not direct or control the work. The contract and the Webbs' affidavits show that S & T Roofing agreed to clean up and haul off the trash generated by the job.
Once a motion for summary judgment is made and supported, the opposing party may not rest on the allegations or denials in his pleadings. La. C.C.P. art. 967. The burden, in effect, shifts to the opposing party to submit evidence that material facts are still at issue. Succession of Miramon, supra.
Only the affidavit of plaintiffs' attorney was submitted in opposition to the summary judgment motion. It states that State Farm and the Webbs scheduled the deposition of the roofer, James Wakefield, but that he could not be located at the address furnished for service. Further, the affidavit states that the depositions of Gerald and Linda Webb have not been taken.
This action was filed on January 24, 1996. Neither the petition, cross-claim or notice of deposition could be served on James Wakefield, who could not be found. The motion for summary judgment was filed on August 17 with a show cause rule set for September 28. Plaintiffs filed an opposition to the motion and obtained a continuance until October 14.
That plaintiffs failed to take the Webbs' deposition, at least after the motion was filed on August 17, is not understandable. What efforts were made to locate James Wakefield *730 were never delineated. It is mere speculation that these witnesses might shed light on whether S & T Roofing was an independent contractor.
There is no absolute right to delay action on a summary judgment motion until discovery is cut off or completed; however, parties should be given a fair opportunity to present their claim. Simoneaux v. E.I. du Pont de Nemours and Co., Inc., 483 So.2d 908 (La.1986). Plaintiffs were afforded a fair opportunity to present their claim. Instead of requesting the trial court to set discovery depositions or filing interrogatories, plaintiffs simply filed a conclusory affidavit.
Factual issues concerning the homeowner's knowledge, awareness and supervision, which the plaintiffs contend are still in question, are unsupported speculation. Furthermore, the important issue was control over the contractor. It was obvious to everyone, including Barron, that debris would necessarily litter the ground during the roof's removal and replacement. There was no palpable reason for the trial court to further delay action on the summary judgment motion.
Nor would the defendants be liable under the theory of strict liability as the alleged defect, the "haphazard manner" in which debris was strewn about the yard, was not a permanent condition of the property. A defect for the purposes of La. C.C. art. 2317 is a flaw or condition of relative permanence inherent in the thing as one of its qualities. Paul v. Royal Insurance Company, 628 So.2d 1174 (La.App. 3d Cir.1993); Boudreaux v. Farmer, 604 So.2d 641 (La. App. 1st Cir.1992), writs denied, 605 So.2d 1373, 1374 (La.1992). A temporary condition may constitute a hazard, but it does not constitute a defect in the property. Boudreaux, supra. Thus, strict liability does not apply.
Based on this evidence, we find that there is no material issue of fact regarding the existence of an independent contractor relationship between the Webbs and S & T Roofing. Thus, the Webbs are not liable for the alleged negligence of S & T Roofing in the performance of the contract.

Conclusion
The judgment of the trial court is affirmed at the appellants' cost.
AFFIRMED.