782 So.2d 15 (2001)
Marian D. ROLF
v.
WAL-MART STORES, INC.
No. 00-CA-1720.
Court of Appeal of Louisiana, Fifth Circuit.
February 14, 2001.
Writ Denied May 4, 2001.
Frederick R. Campbell, Geoffrey J. Orr, Campbell, McCranie, Sistrunk, Anselmo & Hardy, Metairie, LA, Attorney for Defendant/Appellant, Wal-Mart Stores, Inc.
Albert F. Widmer, Jr., New Orleans, LA, Attorney for Plaintiff/Appellee, Marian D. Rolf.
Panel composed of DUFRESNE, GOTHARD and CHEHARDY, JJ.
SUSAN M. CHEHARDY, Judge.
On May 22, 1997, plaintiff, Marian D. Rolf, sustained a corneal abrasion to her right eye while shopping in a Wal-Mart store in Jefferson Parish. Mrs. Rolf was reaching for a box of envelopes on the bottom shelf of a display aisle containing stationary and other office products. The three shelves above the envelopes were stocked with products which were separated by translucent plexiglass dividers. While she was bending down and reaching for the envelopes, Mrs. Rolf's right eye made contact with the corner of a plexiglass divider on the top shelf, causing the corneal abrasion.
On May 21, 1998, this lawsuit was filed against defendant, Wal-Mart Stores, Inc. The case proceeded to a bench trial on the merits on June 15, 2000. Mrs. Rolf and her son Kevin, who was with her at the time of her accident, were the only witnesses to testify live at trial. The deposition of Mrs. Rolf's treating ophthalmologist, Dr. Stephen C. Kaufman, was admitted into evidence. Two Polaroid *16 photographs taken by an employee of Wal-Mart just after the accident, which depict the shelves where the accident took place, were also admitted into evidence at trial.
At the conclusion of trial, the trial court took a recess to review Dr. Kaufman's deposition and the other documentary evidence admitted. Thereafter, the trial court rendered judgment, finding in favor of Mrs. Rolf and awarding her a total of $45,000.00 in damages, plus court costs. The ruling of the trial court was reduced to a written judgment rendered on June 19, 2000.
Defendant has appealed, asserting that the trial court erred in finding that the partition was unreasonably dangerous. For the following reasons, we affirm.
Negligence for damages caused by defects in things is governed by La. C.C. arts. 2317 and 2317.1. Before a defendant can be held liable under art. 2317, the plaintiff must prove that 1) the thing which caused damage was in the defendant's custody and control (garde); 2) the thing had a vice or defect which created an unreasonable risk of harm; and 3) the injuries were caused by a defect. Socorro v. City of New Orleans, 579 So.2d 931, 937 (La. 1991). Additionally, art. 2317.1 adds the requirement that the injured plaintiff prove that the owner/custodian "knew or, in the exercise of reasonable care, should have known" of the unreasonable risk of harm, and "that the damage could have been prevented by the exercise of reasonable care, and that [the owner/custodian] failed to exercise such reasonable care."
Regarding our standard of review in cases involving defective conditions, the Louisiana Supreme Court has held that
[b]ecause a determination that a defect presents an unreasonable risk of harm predominantly encompasses an abundance of factual findings, which differ greatly from case to case, followed by an application of those facts to a less-than-scientific standard, a reviewing court is in no better position to make the determination than the jury or trial court. Consequently, the findings of the jury or trial court should be afforded deference and we therefore hold that the ultimate determination of unreasonable risk of harm is subject to review under the manifest error standard. A reviewing court may only disturb the lower court's holding upon a finding that the trier of fact was clearly wrong or manifestly erroneous. Stobart v. State, 617 So.2d 880 (La.1993).
Reed v. Wal-Mart Stores, Inc., 97-1174 (La.03/04/98), 708 So.2d 362, 364-65.
At the conclusion of trial, after taking a recess to review the evidence, the trial court made the following findings:
From the testimony and evidence presented, it appears that Mrs. Rolf, the plaintiff, sustained an injury in which she not only suffered excruciating pain, but it has also altered her lifestyle dramatically. She can no longer engage in certain activities which she previously enjoyed, and has to apply various medications to her eye on a rather frequent basis.
From the testimony and the evidence presented, I find that the plexiglass divider which was described by the witnesses and depicted in the photographs was of a translucent or rather clear color. While it may have been placed there in order to divide or separate certain products, the use of a clear type divider such as the one in question, is also, in my opinion for the purpose of allowing the product to be more visible to a consumer. I do not believe that it would have been readily observable to the average person. If a different color *17 divider had in fact been used then it could have been expected that it would have been more visible to the plaintiff or any unsuspecting consumer. This should have been known by the defendants.
In its judgment, the trial court found that the use by the defendant of a translucent divider on the shelf constituted a defective condition, which should have been known by the defendant. The trial court further concluded that the damage to the plaintiff could have been prevented by using a colored divider. After a thorough review of the record herein, we find the trial court's conclusions to be reasonable, and not manifestly erroneous.
We therefore affirm the trial court's findings regarding Wal-Mart's liability. Because Wal-Mart has not asserted any error in the amount of the trial court's award, the trial court's judgment is hereby affirmed in its entirety. Costs of this appeal are assessed against defendant, Wal-Mart Stores, Inc.
AFFIRMED.