839 So.2d 319 (2003)
Chauncey DAUZAT
v.
THOMPSON CONSTRUCTION COMPANY, INC. and Manhattan Boulevard Investors, L.L.C.
No. 02-CA-989.
Court of Appeal of Louisiana, Fifth Circuit.
January 28, 2003.
*320 Anthony F. Salario, Marksville, LA, for Appellant.
Robert Henry Sarpy, Jr., Gregory D. Latham, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P., New Orleans, Lawrence J. Duplass, Magali Puente-Martin, Duplass, Zwain, Bourgeois & Morton, Metairie, LA, for Appellee.
Panel composed of Judges JAMES L. CANNELLA, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
JAMES L. CANNELLA, Judge.
Plaintiff, Chauncey Dauzat, appeals from the trial court summary judgment in favor of Defendant, Manhattan Boulevard Investors, L.L.C. (Manhattan), in Plaintiff's tort suit against Manhattan for damages he suffered as a result of a fall from a lift while working as a subcontractor during construction of a building. For the reasons which follow, we affirm.
On April 1, 2000, Manhattan, owner of commercial property located at 2701 Airline Drive, contracted with Thompson Construction Company (Thompson) to build a new shopping center at that location. Thompson, in turn, subcontracted with Lafayette Fire and Safety, Inc. (Lafayette) to *321 install a sprinkler system in the ceiling for fire prevention of the shopping center. Plaintiff was an employee of Lafayette when his injury occurred.
At the time of the accident, Plaintiff was working on an electrical lift attempting to guide an eight inch pipe, approximately 60 feet long, into its connection. The lift, with Plaintiff on it, was approximately 20 feet high. The lift was being operated by Plaintiff's helper. The helper moved the lift forward, backward, up and down at Plaintiff's command. Plaintiff gave the instruction to move the lift forward. When the lift moved forward, its front left tire went into a hole in the concrete slab, causing the lift to lurch, and Plaintiff to fall from the lift to the ground. The hole was about two and one-half feet in diameter and ten inches deep. Plaintiff injured his hip and wrist in the accident.
Plaintiff filed suit against Thompson and Manhattan, alleging that they were liable for his injuries. Manhattan moved for summary judgment, arguing that a property owner does not owe a duty to an employee of an independent contractor working on new construction on its property. In opposition to the motion for summary judgment, Plaintiff argued that Manhattan could be liable if they exercised operational control over the method and means of performing the construction, and/or gave express or implied authorization to an unsafe practice. In showing that Manhattan was liable, Plaintiff alleged that Manhattan approved the architectural plans that provided for the hole in the floor as part of the construction. The trial court granted the summary judgment in Manhattan's favor.[1] It is from this judgment that Plaintiff appeals.
On appeal Plaintiff asserts that the trial court erred in finding that there was an absence of genuine issues of material facts and in granting summary judgment in favor of Manhattan. More specifically, Plaintiff argues that there are genuine issues of material fact relating to whether the hole in the floor was an unreasonably dangerous condition or defect such that Manhattan can be held strictly liable under La. C.C. art. 2317 and 2322.
Manhattan argues that the summary judgment was properly granted. First, Manhattan points out that Plaintiff did not present its strict liability arguments in the trial court and, therefore, is precluded from presenting them on appeal. The only argument presented to the trial court was liability based on control, which lacks merit under this circuit's jurisprudence, Villaronga v. Gelpi Partnership, No. 3, 536 So.2d 1307 (La.App. 5th Cir.1988), holding that a property owner is not liable in negligence for injuries to an employee of an independent contractor who performed work for the property owner. The affidavit submitted with the motion showed that Manhattan exercised no control over the construction project. Further, Manhattan argues that, even if Plaintiff's strict liability arguments are considered by this court, they lack merit because there is no showing of custody by Manhattan, that the hole was unreasonably dangerous, that the building is in ruin or that Manhattan had knowledge of the defect.
It is well settled that appellate courts review summary judgments de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., 93-2512 (La.7/5/94), 639 So.2d 730, 750; Nuccio v. *322 Robert, 99-1327 (La.App 5th Cir. 04/25/00), 761 So.2d 84, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544. Thus, this court must consider whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Smith, supra; Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191. The burden of proof rests with the mover. Moreover, the summary judgment procedure is favored, and shall be construed, as it was intended, to secure the just, speedy, and inexpensive determination of most actions. La. C.C.P. art. 966(A)(2); Magnon v. Collins, supra. We find that mover met his burden in this case.
In the trial court the mover argued that it was entitled to summary judgment because, with only two exceptions, a property owner is not liable for injuries to an employee of an independent contractor who performed construction work on the property. The two exceptions are if the project is inherently dangerous or if the owner exercised control over the contractor's methods or operation. Manhattan argues that there was no evidence to support either exception. Therefore, summary judgment was correctly granted.
In response, the only argument raised in the trial court in opposition to Manhattan's position was that Manhattan exercised control over the construction project by approving the architectural plans that governed the project.
This court has held that approving the architectural plans and having the right to inspect for compliance with the plans was not sufficient control to render the owner liable for the subcontractor's negligence. Villaronga, 536 So.2d at 1311. We find Villaronga controlling here. There was no showing that Manhattan, as owner of the property, had any control over the construction operations and the contrary was established by affidavit. Approving the plans and inspecting for compliance with the specifications does not establish such control that would result in its liability.
Plaintiff also argues, for the first time on appeal, that Manhattan should be held strictly liable on the basis of either La. C.C. art. 2317 or 2322. We have considered Plaintiff's appellate arguments on strict liability and find no merit.
Article 2322, which provides for strict liability for the ruin of a building, is clearly inapplicable to this case because there is no liability for "ruin" during the construction of a building. Green v. Popeye's Inc., 619 So.2d 69 (La.App. 3rd Cir.1993); Herron v. Lincoln Property Co., 525 So.2d 1189, 1191 (La.App. 5th Cir.1988); Temple v. General Insurance Co., 306 So.2d 915 (La.App. 1st Cir.1974), writ denied, 310 So.2d 643 (La.1975).
Next, we consider whether Manhattan can be held strictly liable under article 2317, which provides, in pertinent part: "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody."
A plaintiff who attempts to impose liability under La. C.C. art. 2317 on the custodian of a defective thing must prove that (1) the thing was in defendant's custody or control, (2) the thing had a vice or defect, (3) the defect presented an unreasonable risk of harm, (4) the defendant knew or should have known of the unreasonable risk of harm, and (4) damage was caused by the defect. Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La. 1990); Rolf v. Wal-Mart Stores, Inc., 00-1720 (La.App. 5th Cir.2/14/01), 782 So.2d 15, writ denied, 01-0702 (La.5/4/01), 791 So.2d 657. If a plaintiff fails to prove any one of these, his strict liability claim under La.C.C. art. 2317 falls.
A defect for the purposes of La. C.C. art. 2317 is a flaw or condition of *323 relative permanence inherent in the thing as one of its qualities. Barron v. Webb, 29,707 (La.App. 2nd Cir.8/20/97), 698 So.2d 727, writ denied, 97,2357 (La.11/26/97), 703 So.2d 651. A temporary condition may constitute a hazard, but it does not constitute a defect as contemplated by article 2317. Barron v. Webb, supra.
In this case, the hole in the concrete slab was only a temporary condition as part of the construction. While it was part of the plans, this hole was not going to be left in the middle of the store when construction was completed. This temporary condition, arising as a part of the construction project, did not constitute a defect under La. C.C. art. 2317. Further, it was shown that Manhattan did not have custody or control over the building project or the contractor's methods of operation. Thus, we find that Manhattan met its burden of showing that it was entitled to summary judgment.
Accordingly, for the reasons stated above, we find that the summary judgment rendered in favor of Manhattan and against Plaintiff was properly granted and affirm that judgment. Costs of appeal are assessed against Plaintiff.
AFFIRMED.
NOTES
[1] The trial court also granted summary judgment in favor of Thompson which resulted in dismissal of Plaintiff's case with prejudice. Plaintiff did not appeal from the summary judgment rendered in favor of Thompson and, as such, it is not before us and is final.