894 So.2d 393 (2005)
Mary DUPLANTIS and Randolph Duplantis
v.
CADILLAC FAIRVIEW SHOPPING CENTER PROPERTIES (LOUISIANA), INC., American Insurance Group, Southeast Service Corporation and National Union Fire Insurance Company.
No. 04-CA-984.
Court of Appeal of Louisiana, Fifth Circuit.
January 11, 2005.
*394 J. Forester Jackson, Blake G. Arata, Jr., New Orleans, LA, for Plaintiff/Appellant.
Edward J. Lassus, Jr., David J. Schexnaydre, Wade D. Rankin, Covington, LA, for Defendant/Appellee.
Robert E. Kerrigan, Jr., Kermit L. Roux, III, New Orleans, LA, for Defendant/Appellee.
Panel composed of Judges SOL GOTHARD, MARION F. EDWARDS and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
This is an appeal from a summary judgment granted in favor of defendants, Cadillac Fairview Shopping Center Properties (Louisiana), Inc. and CF Esplanade, L.P. (collectively "Esplanade defendants"). For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
Mary and Randolph Duplantis filed suit against the Esplanade defendants and others for damages sustained when Ms. Duplantis fell on a staircase in Esplanade Mall. In their petition, the plaintiffs allege that on October 9, 2000, Mary Duplantis was walking down a set of stairs in Esplanade Mall from the second floor to the ground level when she slipped and fell on an unknown substance believed to be food. Ms. Duplantis claims that she attempted to grab the handrail, but was unable to grip it and stop her fall, because the handrail was too large. As a result of this accident, Ms. Duplantis fractured her left ankle in three places and suffered additional injuries.
In their petition, the plaintiffs assert that the Esplanade defendants are liable for damages in this case, because they had custody and control of Esplanade Mall and thus, they are responsible for the oversized *395 handrail and the unknown slippery substance on the stairs. The plaintiffs further allege, among other things, that the Esplanade defendants are at fault for the accident because they allowed a dangerous condition to exist on the premises, failed to provide adequate safeguards to the stairs, failed to inspect the stairways and handrails to ensure safe conditions between the first and second floors, failed to take necessary precautions to clear the stairs of slippery substances, and failed to correct the defect in the handrail when they knew or should have known of its unsafe and hazardous design. The Esplanade defendants filed a Third Party Demand against Allied Security, Inc. d/b/a Allied SpectaGuard ("Allied") based on Allied's contractual duty to inspect and report hazardous conditions on the premises.
On December 4, 2003, Allied filed a Motion for Summary Judgment seeking dismissal of the Esplanade defendants' claims against it on the grounds that there is no evidence of negligence by Allied employees. On January 15, 2004, the Esplanade defendants filed a Motion for Summary Judgment seeking dismissal of the plaintiffs' claims against them, because there is no evidence to support the plaintiffs' contention that there was a substance on the stairs that caused Ms. Duplantis' fall and, even if there had been a substance, there is no evidence that the Esplanade defendants had notice or should have been on notice that there was any foreign substance on the step. Further, they argue that there is no evidence to show that the handrail was defective and, even if the size of the handrail was in excess of the size allowed under the applicable construction codes, there is no evidence that the Esplanade defendants knew or should have known of any defect in the handrail.
A hearing on the defendants' Motions for Summary Judgment was held on January 26, 2004, and the trial court took the matter under advisement. On February 9, 2004, the trial court rendered a judgment, granting the Esplanade defendants' Motion for Summary Judgment and finding that: 1) there is no evidence that there was any substance on the step upon which Ms. Duplantis fell; 2) there is no evidence to establish that the defendants were placed on notice or should have been aware of any substance on the step; 3) the evidence establishes that the handrail and stairs passed inspection at the time of original construction; 4) there is no evidence that the defendants had any notice or should have been aware of any improper condition in the handrail or stairs; and 5) there is no evidence that any condition with the handrail or stairs caused the fall. In the judgment, the trial court also found that Allied's Motion for Summary Judgment was moot. The plaintiffs, Mary and Randolph Duplantis, appeal the trial court's grant of summary judgment in favor of the Esplanade defendants.

LAW AND DISCUSSION
On appeal, Mary and Randolph Duplantis assert the following two assignments of error:
1) The lower court erred by weighing the credibility of the witnesses in its determination that there was no genuine issue of material fact as to whether the handrail at issue was defective.
2) The lower court erred in its determination that there was no genuine issue of material fact on the issue of whether the appellees had constructive notice of the defective condition of the handrail.
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there are no genuine issues of material fact. Henderson v. Kingpin Development Co., 01-2115 (La.App. 1 Cir. *396 8/6/03), 859 So.2d 122, 126. Appellate courts review summary judgments de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Haley v. Roberts, 02-30 (La.App. 5 Cir. 5/29/92), 820 So.2d 1114, 1116. A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
The burden of proof on a motion for summary judgment is set forth in LSA-C.C.P. art. 966(C)(2) as follows:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
In 1996, the legislature adopted LSA-C.C. art. 2317.1, along with an amendment to LSA-C.C. art. 2322, which created fundamental changes to the burden of proof for strict liability. Cochran v. Safeguard Self-Storage, Inc., 02-1272 (La.App. 5 Cir. 4/29/03), 845 So.2d 1128, 1130. LSA-C.C. art. 2317.1 provides in pertinent part:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.
LSA-C.C. art. 2322 provides in pertinent part:
The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.
Accordingly, a plaintiff alleging negligence or strict liability of a building owner or custodian now has to prove the following elements: 1) that the defendant knew or should have know of the vice or defect; 2) that the damage could have been prevented by the exercise of reasonable care; and 3) that the defendant failed to exercise such reasonable care. Cochran v. Safeguard Self-Storage, Inc., supra at 1130. If the plaintiff fails to prove any one of these elements, his strict liability claim falls. Dauzat v. Thompson Const. Co., Inc., 02-989 (La.App. 5 Cir. 1/28/03), 839 So.2d 319, 322.
In their petition and in opposition to the defendants' motion for summary judgment, the plaintiffs argue that there was a substance on the step which caused Ms. Duplantis to fall. However, on appeal, the plaintiffs have abandoned this argument, conceding that there is insufficient evidence to support her slip and fall claim.
*397 Mr. and Ms. Duplantis contend that the trial court erred by weighing the evidence and finding that there was no genuine issue of material fact as to whether the handrail at issue was defective or whether the Esplanade defendants had constructive notice of the defective condition of the handrail.
The Esplanade defendants respond that there is no evidence to prove that the condition of the handrail was unreasonably dangerous or that they had any reason to believe the handrail was hazardous. When Esplanade Mall was originally opened after its construction, a Certificate of Use and Occupancy was issued indicating that the building was in conformity with Kenner zoning ordinances, and a copy of this certificate was provided by the Esplanade defendants in support of their Motion for Summary Judgment. Further, the Esplanade defendants submitted an affidavit from Keith Chiro, who is the Director of Code Enforcement for the City of Kenner, indicating that Kenner issued a Certificate of Use and Occupancy to Esplanade Mall after the building was inspected and it was determined that the building met all building code requirements.
The Esplanade defendants also submitted the affidavit of William Hendriksen, who is the operations manager for Esplanade Mall, indicating that he was not aware of any reported accident on the subject stairs prior to October 9, 2000 when Ms. Duplantis fell. They also submitted the affidavit of Alisha LaRoche, in which she stated that she is the general manager for Esplanade Mall and there is no record of any accident on the subject stairs prior to October 9, 2000. She also stated that the building, including the stairs, were approved for use and occupancy after they were inspected, and there have been no modifications or alterations in the design or construction of the stairs between the time of the original construction of the mall and Ms. Duplantis' accident.
In opposition to the defendants' Motion for Summary Judgment, the plaintiffs submitted an affidavit from Jeffrey Charlet, who has been employed by the Jefferson Parish Department of Inspection and Code Enforcement for over 25 years. Mr. Charlet personally inspected the subject handrail and found that it was 7/8 inch larger in diameter than the legally mandated maximum of two inches, pursuant to the applicable construction codes. The plaintiffs contend that there is a genuine issue of material fact as to whether or not the handrail was defective.
The plaintiffs further contend that there is a genuine issue of material fact regarding whether the Esplanade defendants knew or should have known of the defective handrail. They argue that the defendants should have known that the handrail was defective because they owned the property for over fifteen (15) years prior to Ms. Duplantis' fall, and they should have had the property inspected periodically over this time. They further contend that compliance with building codes is only one factor in determining liability. In addition, they allege that the defendant should have been aware of the defective condition of the handrail, because the handrail is visible to all who pass by and they should have seen that it is too large in diameter and would be difficult to grasp.
After a de novo review of the matter before us, we find that the trial court was correct in granting summary judgment in favor of the Esplanade defendants.
The plaintiffs argue that there are genuine issues of material fact as to whether or not the handrail was defective. However, even if the handrail was defective, which has not been determined, the Esplanade defendants have pointed out that *398 there is an absence of factual support for the element that the owner knew or should have known of this defective condition. The evidence presented shows that a Certificate of Use and Occupancy was issued for the Esplanade Mall after it was inspected and determined that it complied with the proper building codes. The Esplanade defendants owned the mall for about fifteen (15) years prior to Ms. Duplantis' accident, yet there is no record of any other accidents occurring on the stairs, whether caused by the size of the handrail or any other reason.
Although Jeffrey Charlet's affidavit states that the handrail was in excess of code requirements, there has been no evidence presented to indicate that the Esplanade defendants had any reason to know or suspect that the handrail was defective or in violation of building codes. Therefore, because the defendants showed an absence of factual support for an essential element of the claim, the burden shifted to the plaintiffs to show evidence of actual or constructive knowledge of a defect. However, the plaintiffs failed to provide any evidence to make such a showing.
Because the plaintiffs failed to show any factual support for a required element of their case, we find that the trial court was correct in granting the Esplanade defendants' Motion for Summary Judgment. Accordingly, we affirm the judgment of the trial court.
We note that Allied filed a brief in this matter, asking this Court to order the trial court to enter summary judgment in its favor. However, Mr. and Ms. Duplantis filed an appeal from the trial court's ruling granting summary judgment in favor of the Esplanade defendants. The trial court did not rule on the merits of Allied's motion and no party has appealed any ruling of the trial court with regard to Allied. Accordingly, any issue regarding Allied's motion for summary judgment is not before this Court in this appeal.

DECREE
For the reasons set forth above, we affirm the judgment of the trial court, granting summary judgment in favor of the Esplanade defendants.
AFFIRMED.