NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-301


JEAN B. RICHARD, JR.

VERSUS

ANNA THIBODEAUX, ET AL.

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 06-C-4614-A
HONORABLE JAMES PAUL DOHERTY JR., DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**
**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and James T. Genovese, Judges.

**AFFIRMED.**


Gary J. Ortego
Attorney at Law
P. O. Drawer 810
Ville Platte, LA 70586
Counsel for Plaintiff/Appellant:
    Jean B. Richard, Jr.

Timothy Alan Maragos
Caffery Plaza, Suite 100
4023 Ambassador Caff. Pkwy
Lafayette, LA 70503
Counsel for Defendant/Appellee:
    State Farm Fire & Casualty Co.

**PICKETT, J.**

The plaintiff, Jean B. Richard, Jr., appeals a judgment of the trial court dismissing his suit for personal injuries via a motion for summary judgment filed by the defendants, Anna Thibodeaux, and her insurer, State Farm Fire and Casualty Company. We affirm the judgment of the trial court.

## FACTS

The facts in this case are not in dispute. The defendant, Anna Thibodeaux, hired Kenneth Fontenot to repair leaks in her tin roof. Fontenot, in turn, hired two relatives, the plaintiff and a second man, to apply "cool seal" to the roof. Fontenot and the two men ascended to the roof so Fontenot could explain how he wanted the work done. Then, Fontenot climbed down to do some preparatory work (*i.e.*, mix the cool seal). The two men on the roof took turns doing the work—one holding the bucket of cool seal and the other applying the product with a mop. According to the plaintiff, he was applying the product when he caught his pant leg on a nail or screw protruding from the roof. In attempting to free his pant leg, he lost his balance and "went sliding down and fell off the roof."

## LAW AND DISCUSSION

In *Louisiana Pigment Co., L.P. v. Scott Construction Co., Inc.*, 06-1026, p. 6 (La.App. 3 Cir. 12/20/06), 945 So.2d 980, 983, this court addressed the standard of review in cases decided by summary judgment stating:

> Appellate courts review summary judgments *de novo* and use the same criteria as the trial court in determining whether summary judgment is appropriate. *Nguyen v. Underwriters at Lloyd's*, 05-1407 (La.App. 3 Cir. 5/3/06), 929 So.2d 821, *writ denied*, 06-1332 (La.9/22/06), 937 So.2d 387. Pursuant to La.Code Civ.P. art. 966(B), summary judgment is appropriate "if the pleadings, depositions, answers

1

to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law."

> Louisiana Code of Civil Procedure Article 966 charges the moving party with the burden of proving that summary judgment is appropriate. However, when the movant will not bear the burden of proof at trial on the matter that is before the court, the movant's burden on the motion does not require him to negate all of the essential elements of the adverse party's claim, but rather to point out to the court that there is an absence of factual support for one or more of the elements essential to the adverse party's claim. *See* La.Code Civ.P. art. 966(C)(2). If the adverse party fails to produce factual support to convince the court that he can carry his burden of proof at trial, there is no genuine issue of material fact and granting of the motion is mandated. *Hardy v. Bowie*, 98-2821 (La.9/8/99), 744 So.2d 606; *Hayes v. Autin*, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, *writ denied*, 97-281 (La.3/14/97), 690 So.2d 41.

*Nguyen* at 823.

Additionally, we find the following from *McCoy v. Liberty Mutual Life Insurance Co.*, 42,118, pp.4-7 (La.App. 2 Cir. 5/9/07), 956 So.2d 802, 805-06, most instructive:

> This case presents a negligence claim. La. C.C. art. 2317 states that persons are responsible for damages caused by things in their custody. The Civil Code further states this principle with regard to the owners of buildings in Article 2322, as follows:

> > The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. . . .

2

As a part of the 1996 tort revision, the law of strict liability was altered by the addition of the requirement of knowledge on the part of the owner or custodian of the thing. *See Jackson v. Gardiner*, 34,643 (La.App.2d Cir.4/4/01), 785 So.2d 981. This revision establishes a negligence standard where the owner's duty is to exercise reasonable care to recognize and repair or remove a vice or defect in the building which presents an unreasonable risk of harm to others. *Id.* at 985.

A defect under Article 2322 cannot be inferred simply because an accident occurred. *Carroll v. Holt*, 36,615 (La.App.2d Cir.12/11/02), 833 So.2d 1194; *see Sanders v. Bain*, 31,362 (La.App.2d Cir.12/9/98), 722 So.2d 386; *Dufour v. E-Z Serve Convenience Stores, Inc.*, 98-996 (La.App. 5th Cir.3/30/99), 731 So.2d 915. The question of a defect turns on whether the thing presents an unreasonable risk of harm. There is no fixed rule for determining whether the thing presents an unreasonable risk of harm. To assist the trier-of-fact, many factors are to be considered and weighed, including: (1) the claims and interests of the parties; (2) the probability of the risk occurring; (3) the gravity of the consequences; (4) the burden of adequate precautions; (5) individual and societal rights and obligations; and (6) the social utility involved. *Dupree v. City of New Orleans*, 99-3651 (La.8/31/00), 765 So.2d 1002, 1012; *Pepper v. Triplet*, 03-0619 (La.1/21/04), 864 So.2d 181, 190. The method for determining whether a thing under garde poses an unreasonable risk of harm is similar to that of taking into account all of the social, moral, economic and other considerations as would a legislator regulating the matter, and the analysis is virtually identical to the risk-utility balancing test used in both negligence and product liability theories. *Pepper v. Triplet, supra.*

The owner of a building cannot be held responsible for all injuries resulting from any risk posed by his building, only those caused by an unreasonable risk of harm to others. *Entrevia v. Hood*, 427 So.2d 1146, 1149 (La.1983). Where a risk of harm is obvious, universally known and easily avoidable, the risk is not unreasonable. *Jackson, supra*.

*Jackson, supra*, involved a damaged roof and a fall by an inspector of the roof. As in the present case, this court determined that the facts regarding the condition of the premises and the accident were undisputed so that summary judgment was appropriate. In determining no unreasonable risk of harm, we noted that the injured plaintiff was not an innocent passerby or guest, but one who had contracted services regarding the defective roof in question. Additionally, the damaged roof with recent storm debris remaining on its surface presented an obvious risk that the plaintiff chose to encounter. We concluded that plaintiff "did not show how the risk posed by the obviously dangerous condition

3

of the building's roof, resulting from the storm damage, presented an unreasonable risk of harm." *Id.* at 986.

In similar cases involving construction site accidents or work on buildings, courts have found no unreasonable risk of harm where the temporary condition of the work in progress made the risk obvious. *Barron v. Webb*, 29,707 (La.App.2d Cir.8/20/97), 698 So.2d 727; *Dauzat v. Thompson Const. Co., Inc.*, 02-989 (La.App. 5th Cir.1/28/03), 839 So.2d 319; *McCart v. Sears, Roebuck and Co.*, 460 So.2d 1104 (La.App. 2d Cir.1985). The rationales of *Barron* and *Dauzat* did not expressly employ the utility/risk analysis to the ongoing temporary conditions of the construction site finding that such risky conditions do not constitute a building defect as contemplated by Civil Code Article 2322. [However, we find employing that analysis would result in the same outcome.] "There is no liability for 'ruin' during the construction of a building." *Dauzat, supra* at 322.

In his deposition, the plaintiff stated that he had done one or two cool seal jobs before, but didn't remember encountering protruding nails or screws. He said that none of the repair crew had checked for nails or screws protruding from the roof before they started the job. However, he said that after he fell and the workers returned to the roof, an inspection revealed a number of screws "sticking out, so they had to go re-screw those screws down."

In another case decided by this court involving a workman repairing a roof, this court stated the following;

The facts of this case present a repairman making repairs in an area that presented an obvious risk of harm. The body of jurisprudence interpreting strict liability and/or negligence under these circumstances is well established. An owner is not liable for injury which results from a condition which should have been observed by the plaintiff in the exercise of reasonable care or which was obvious. *Eldridge, supra*; *David v. Reon*, 520 So.2d 820 (La.App. 3rd. Cir.1987), *writ denied*, 522 So.2d 564 (La.1988).

*Desormeaux v. Audubon Ins. Co.*, 611 So.2d 818, 820-21 (La.App. 3 Cir.1992), *writ not considered*, 613 So.2d 966 (La.1993), *writ denied*, 613 So.2d 1002 (La.1993).

4

"In determining whether a defect or unreasonable risk of harm is present, the jurisprudence notes that the defect must be of such a nature as to constitute a dangerous condition which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances." *Durmon v. Billings*, 38,514, p. 7 (La.App. 2 Cir. 5/12/04), 873 So.2d 872, 876-77, *writ denied*, 04-1805 (La. 1029/04), 885 So.2d 588.

In the instant case, the plaintiff had experience as a roofer and was working with two more experienced roof repairmen. Had these repairmen used ordinary care, *i.e.*, inspected the roof for possible problems before they started to apply the cool seal, the accident would not have happened.

In order to find liability on the part of the defendant, we do not consider the plaintiff's subjective awareness of the risk encountered, but rather we must make the determination that the defendant acted unreasonably vis-a-vis the plaintiff, or caused injury to the plaintiff via an unreasonably dangerous situation/instrument within his control. The undisputed facts and the deposition testimony in this case do not support a finding of liability.

Accordingly, for the reasons stated, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the plaintiff/appellant, Jean B. Richard.

**AFFIRMED.**

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.**
**Uniform Rules—Courts of Appeal, Rule 2-16.3.**