727 So.2d 1258 (1999)
Joseph MIGLIORI, Husband of/and Ollie Mae Migliori, individually and on Behalf of Their Minor Children, Sancia Ray Migliori and Ollie Migliori, Jr.
v.
The WILLOWS APARTMENTS and The Reliance Ins. Co.
No. 98-CA-1814.
Court of Appeal of Louisiana, Fourth Circuit.
February 3, 1999.
Rehearing Denied March 1, 1999.
Uhalt and Reck, A Partnership of Law Corporation, Gothard J. Reck, Hugh C. Uhalt, New Orleans, Louisiana, Attorneys for Plaintiff-appellants Joseph Migliori, et al.
LeBlanc, Miranda & deLaup, Mickey S. deLaup, Lorie G. Demarcay, Metairie, Louisiana, Attorneys for Defendant-appellee Reliance Insurance Company.
Court composed of Judge ROBERT J. KLEES, Judge MOON LANDRIEU and PATRICIA RIVET MURRAY.
KLEES, Judge.
In this suit for personal injuries, plaintiffs appeal from a summary judgment rendered in favor of defendants. We affirm.

*1259 Facts

Joseph Migliori, a self-employed carpet installer, was injured on May 15, 1993 when he slipped down a stairway in the Willows Apartment Complex where he was installing carpet. On January 7, 1994, Migliori and his wife filed suit against the Willows Apartments and its insurer, the Reliance Insurance Company, alleging negligence for failing to properly maintain the premises. Plaintiffs subsequently amended their petition to include as defendants VOA Thorpe Affordable Housing, L.L.C., (hereinafter "VOA Thorpe"), the owner of the apartment complex. At the time of the accident, the apartment complex was under renovation, and plaintiffs also named as defendants the contractor of the renovation work, J.B. Fortson, Inc. and a subcontractor, Pyrenees Construction Company. Plaintiffs alleged that defendants were solidarily liable for their injuries based on theories of negligence and strict liability.
In response to this petition, VOA Thorpe and Reliance Insurance Co. filed an answer and exception of prescription. Defendants also filed a motion for summary judgment on June 17, 1997, arguing that there was no material dispute that the apartment building was not in the care, custody or control of VOA Thorpe at the time of the accident. VOA Thorpe contended that at the time of the accident, the building was in the custody and control of the contractor who was performing the renovation work on the premises. Further, VOA Thorpe argued that there was no evidence of any negligence on their part, and that VOA Thorpe was not vicariously liable for any negligence of the contractor.
Plaintiffs opposed the motion, arguing that VOA Thorpe retained custody and control over the building as tenants remained in the building during the renovation. Plaintiffs further argued that the defective step on which plaintiff fell was present at the time the renovation work was started. By judgment dated November 4, 1997, the trial court denied defendants' motion.
On March 11, 1998, VOA Thorpe and Reliance Insurance Company filed a second motion for summary judgment on the same grounds asserted in the first motion. However, defendants relied on the case of Coulter v. Texaco, Inc., 117 F.3d 909 (C.A. 5th 1997), which applied Louisiana law and held that a principal could not be held liable for the negligent acts of an independent contractor unless the liability results from ultrahazardous activity or the principal retains operational control over the contractor's acts. In Coulter, the court determined that although the principal monitored the contractor's job performance, the contract between the parties specifically stated that the contractor controlled the performance of the details of the work, and the principal did not exercise control sufficient for an imposition of liability.
This motion was heard by the trial court on April 3, 1998, and the trial court rendered judgment on that date granting the motion and dismissing plaintiffs' demands against VOA Thorpe and Reliance Insurance Company. This appeal follows.
On appeal, plaintiffs assert several assignments of error that can be summarized into three basic arguments:
1. The trial court erred in granting summary judgment when issues of material fact exist with respect to the transfer of garde;
2. The trial court erred in granting summary judgment when issues of material fact exist with respect to the existence of an original vice or defect which existed prior to the renovation of the property; and
3. The trial court erred in granting summary judgment when issues of material fact exist as to the independent negligence of the property owner.

Standard of Review
Summary judgments are reviewed on appeal de novo. Smith v. Our Lady of the Lake Hospital, 93-2512 (La.7/5/94), 639 So.2d 730. A motion for summary judgment which shows that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law shall be granted. La.Code Civ. Proc. Art. 966 C(1). Pursuant to the 1996 amendments to this article, summary judgments are now favored, and the *1260 rules regarding such are to be liberally applied. The non-moving party may no longer rely on the allegations in opposing a summary judgment. If the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact, and the motion should be granted. La.Code Civ.Proc. Art. 966 C(2); Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490.

Discussion
At all times relevant hereto, the Willows Apartment complex was owned by VOA Thorpe. The apartment complex was composed of 19 buildings with a number of apartments on the first and second floors.
In September of 1992, VOA Thorpe contracted with J.B. Fortson, Inc. to renovate certain apartments within the complex. Shortly after entering into this renovation contract, Fortson subcontracted with Pyrenees Co., Inc. Further, Fortson hired Probst Carpeting to install carpeting in each of the renovated units as well as the staircase inside each building that required renovation.
Plaintiff, Joseph Migliori, is a 55-year old man who worked as a self-employed carpet installer. At the time of the accident herein, Migliori was contracted by Probst Carpeting to install the carpet in conjunction with this renovation project. On May 15, 1993, Migliori fell down the flight of stairs leading from the second floor of Building 17 of the apartment complex. Migliori slipped on loose staircase carpet which had been previously removed by Pyrenees' employees in order to repair a rotten wooden step in the staircase.
Plaintiffs assert claims on theories of negligence and strict liability. In its motion for summary judgment, VOA Thorpe contended that it had transferred total care, custody and control (garde) of the apartment complex over to the primary contractor, Fortson, who in turn, delivered the entire project to Pyrenees, and therefore could not be strictly liable. Further, VOA Thorpe argued that plaintiffs failed to show any evidence of negligence on their part.
In opposition to the motion, plaintiffs argued that by the terms of its contract with Fortson, VOA Thorpe retained the detailed specific right to "direct and coordinate" the work of its contractors. Further, plaintiffs argued that the defective condition of the stairway was present prior to the contract with Fortson, and that defendants are therefore strictly liable pursuant to La. Civ.Code art. 2322. Plaintiffs also argued that defendants' failure to repair the defective step constituted negligence.
We must first decide if there exists a material issue of fact with regard to VOA Thorpe's custody of the apartment building. La.Civ.Code art. 2317 imposes strict liability for damage caused by a defective thing in a defendant's custody. To hold defendant liable under article 2317, the plaintiff must prove: (1) the thing which caused the damage was in the care, custody and control of the defendant; (2) the thing had a vice or defect which created an unreasonable risk of harm; and (3) the injuries were caused by this defect. Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990).
There is no dispute that VOA Thorpe was the owner of the apartment building at the time of plaintiff's fall. However, La.Civ. Code. Art. 2317 is based on custody, not ownership. VOA Thorpe contends that it transferred the care, custody and control of the apartment building to the contractor who was responsible for the performance of the renovation and repair of the property.
However, plaintiffs contend that VOA Thorpe retained control because the contractual provisions stated that the owner would "at all times have the right to direct and coordinate the work of others, as well as the contractor, so that the performance of construction on the project shall at all times be properly and efficiently coordinated." Plaintiffs also cite two provisions in the contract which allowed VOA Thorpe access to the building and the ability to order the removal of the contractor's employees. Plaintiffs also rely on testimony of the contractor who stated that representatives of VOA Thorpe periodically inspected the progress of the work. Plaintiffs contend that the issue of whether *1261 VOA Thorpe transferred control and thus custody must be resolved by the trier of fact.
Generally, property owners are not liable for the negligence of independent contractors who are performing work for the owner. However, the owner may be held liable if he exercises control over the contractor's methods of operation or gives express or implied authorization to an unsafe practice. Williams v. Gervais F. Favrot, Co., 499 So.2d 623, 625 (La.App. 4th Cir.1986), writ denied, 503 So.2d 19 (La.1987). The fact that the owner periodically inspected the job site to be sure that work was being performed in accordance with the specifications does not constitute the exercise of operational control. Id.; See also, Herron v. Lincoln Property Co., 525 So.2d 1189 (La.App. 5th Cir.1988); Coulter, supra.
In the present case, VOA Thorpe contracted with Fortson who in turn contracted with Pyrenees to renovate the apartment buildings. According to the contract between the parties, Fortson and Pyrenees had operational control over construction. Although representatives of VOA Thorpe visited the site periodically to insure that construction was proceeding according to plan, this fact does not constitute operational control on the part of VOA Thorpe and does not render VOA Thorpe liable for the negligence of the contractor or subcontractor.
Appellant also argues an issue of fact remains as to whether tenants remained in the apartment complex during the renovation and thus whether VOA Thorpe maintained a economic benefit from the complex. However, in support of the motion for summary judgment, VOA Thorpe submitted an affidavit from Richard John Powell, the Vice President and Chief Operating Officer of VOA Thorpe, who stated that the Willows apartments were vacant during the construction and renovation work in the complex. In opposition to this motion, plaintiffs submitted the deposition of Dale Hickerson, a Pyrenees job foreman, who testified that some of the buildings were occupied during the renovation. However, we fail to find this factual dispute to be material to whether VOA Thorpe retained custody or control of the apartment buildings. There was no evidence presented that there were tenants living in the building where plaintiff's accident occurred. Further, even assuming there were tenants living in the complex, this fact does not rise to the level of creating a material dispute as to the issue of strict liability. The record before us fails to show that VOA Thorpe retained direct control of the apartment complex sufficient to impose liability pursuant to La. Civ.Code art. 2317. Thus, we find that the trial court was correct in granting defendants' motion for summary judgment on this basis.
We must next determine whether there remains an issue of fact as to whether the building contained a "vice in the original construction" sufficient to impose liability under La. Civ.Code art. 2322.[1] Plaintiff, Joseph Migliori, alleged in his petition that loose carpeting on the stairway of the apartment building in which he was working caused him to fall and sustain injuries. Defendants offered testimony of Dale Hickerson, the site foreman for Pyrenees, who stated that employees of Pyrenees had removed the carpet two or three weeks prior to plaintiffs fall to repair a rotten step, but the carpet had not been nailed back down. Plaintiffs argue that the rotten step was present prior to the beginning of the renovation work, and that the owner is therefore responsible for this defect which occurred through the "ruin" of the premises. However, the plaintiff alleges he slipped on the loose carpet, which condition arose during the renovation of the building by the contractor. The deterioration of the step had been repaired at the time of plaintiff's fall, and thus did not contribute to plaintiff's accident. We find no issue of material fact as to whether plaintiff's fall was caused by a vice in the original construction of the building sufficient to impose liability under La. Civ.Code art. 2322.
*1262 Further, we find no issue of material fact as to plaintiffs' claims of negligence against defendants. VOA Thorpe did not repair nor instruct the repair of the stairway where plaintiff fell. There is no evidence that VOA Thorpe knew or should have known of the dangerous condition in the stairway. Rather, the evidence presented by defendants in its motion for summary judgment indicates that employees of Pyrenees removed the carpeting from the stairway and failed to nail it back. Further, we find no issue of fact as to whether VOA Thorpe as property owner is responsible for the negligence of its contractors. Plaintiffs have failed to show the existence of any evidence sufficient to show that they can satisfy their evidentiary burden of proving negligence at trial. Thus, the trial court correctly granted summary judgment in this case.

CONCLUSION
Accordingly, for the reasons assigned, the summary judgment granted by the trial court is affirmed. Plaintiffs are to bear all costs of this appeal.
AFFIRMED.
MURRAY, J., dissents and assigns reasons.
MURRAY, J., dissenting.
In opposing the motion for summary judgment plaintiffs offered the contract between Fortson, VOA/Thorpe and the general contractor. Under that contract, VOA retained the right to direct and coordinate the work of others, including Fortson, had access to the building and the ability to order removal of Fortson's employees. The plaintiffs also offered testimony from the contractor to the effect that representatives of VOA made periodic inspections.
Plaintiffs thereby have established that VOA had the right to exercise operational control, and its presence on the premises. The question of whether it exercised that right to such an extent as to constitute operational control creates a genuine issue of material fact that should be resolved by the trier of fact.
For this reason I respectfully dissent in the affirmation of summary judgment in favor of VOA/Thorpe and its insurer, Reliance Insurance Company.
NOTES
[1] At the time of plaintiff's injury, La. Civ.Code art. 2322 provided: "[t]he owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction."