1-iMAX N. TOBIAS, JR., Judge.
On or about 4 May 2001, William Maag (“Maag”) was driving a 1994 Freightliner 18-wheel truck in New Orleans on Tchoup-itoulas Street when he struck a pothole in the road. The pothole exposed railroad tracks that had been paved over by the City of New Orleans and the resulting impact broke the axle of the truck and injured Maag when he struck the roof of the cab of his truck. On 23 January 2002, Maag filed suit against the City of New Orleans (“the City”) and the New Orleans Public Belt Railroad. Shortly thereafter, Maag dismissed New Orleans Public Belt Railroad from the lawsuit and added Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad Company (“CN/IC”) as a defendant in the matter. Maag alleges that CN/IC was the owner and/or custodian of the railroad tracks under Tchoupitoulas Street and that it was negligent in failing to warn motorists of the existence of the tracks and in failing to remove the tracks, which had been abandoned by CN/IC in 1984.[1]
CN/IC filed a motion for summary judgment, asserting that it had legally abandoned the railroad tracks in New Orleans and that it was no longer liable for |2any damages arising from their existence or placement. Specifically, CN/IC produced *546 evidence that it had petitioned the Interstate Commerce Commission in 1984 to abandon certain railroad tracks, including those at issue.[2] As part of the abandonment process, the City of New Orleans and all of the shippers on the line were notified of the proposed abandonment. After the abandonment process was completed in 1985, CN/IC asserts that ownership of the tracks reverted to the City, insofar as they constituted immovable property and components of the land owned by the City. CN/IC claims that it has had nothing to do with the tracks since the abandonment process, and that it could not have used or removed the tracks since they were abandoned in 1985, as the City had paved over them with asphalt. CN/IC asserts that, in fact, the tracks have since been removed by the City.[3]
The trial court granted CN/IC’s motion for summary judgment. In its reasons for judgment, the trial court found that:
Defendant railroad abandoned the stretch of track in question in 1985. It gave notice to the City and users of the track all in accordance with federal abandonment procedures.
In fact, the City of New Orleans and Glazer Steel Corporation sued the Interstate [Commerce] Commission to prevent abandonment of the trackage, to no avail. Defendant railroad no longer had any responsibility for the tracks which became part of the street.
Maag subsequently lodged this appeal of the trial court’s judgment.
Summary judgments are subject to de novo review by an appellate court. Independent Fire Ins. Co. v. Sunbeam, Corp., 99-2181 (La.2/29/00), 755 So.2d 226. A motion for summary judgment shall be granted if the mover shows that [sthere is no genuine issue of material fact. La. C.C.P. art. 966(C)(1). Further, although the burden or proof with regard to a motion for summary judgment is with the movant, if the movant will not bear the burden of proof at trial on the cause of action before the court, the movant is only required to demonstrate lack of factual support for one element of the cause of action. La. C.C.P. art. 966(C)(2). If the non-moving party fails to put forth sufficient evidence that he will be able to satisfy his burden at trial, even as to one element of his cause of action, the motion must be granted. La. C.C.P. art. 966(C)(2); Migliori v. Willows Apartments, 98-1814 (La.App. 4 Cir.1999), 727 So.2d 1258, 1260, citing, Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/18/96), 684 So.2d 488, 490.
Maag asserts that the trial court erred in granting the motion for summary judgment on the grounds that the railroad tracks constituted movable property and that CN/IC maintained ownership of the track and track materials when it abandoned the line and should have removed the tracks at the time of abandonment. Maag further maintains that railroad tracks are not immovable fixtures to the land, as was argued by CN/IC in its motion for summary judgment, but rather that railroad tracks constitute “trade fixtures” when they are constructed on the property of another and maintain their identity as movables under the law.[4]
La. C.C. art. 2317 provides:
We are responsible, not only for the damage occasioned by our own act, but *547 for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody, This, however, is to be understood with the following modifications.
|4La. C.C. art. 2317.1 provides, in pertinent part, that:
The owner or custodian of a thing is answerable for the damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by reasonable care, and that he failed to exercise such reasonable care....
We are mindful that liability arising out of Civil Code articles 2317 and 2317.1 is grounded in custody, or’ garde, not ownership. Migliori v. Willows Apartments, 98-1814 (La.App. 4 Cir. 2/3/99), 727 So.2d 1258. See also, Thumfart v. Lombard, 613 So.2d 286 (La.App. 4 Cir.1993). In Mi-gliori, a sub-contracted carpet' installer was injured on the job when he fell down a flight of stairs with loose carpeting in an apartment building under renovation. The carpeting had previously been removed from the stairs by employees of another sub-contractor to repair a rotten step. Migliori filed suit against the owner of the property, the contractor, and the sub-contractor working at the site. The owner of the property moved for summary judgment on the grounds that although he held title to the property and even made sporadic inspections of the property under renovation, he had transferred custody and control of the worksite to the contractors and sub-contractors and no longer had garde over the property. In fact, the contract between the owner of the complex and the contractor provided that the owner had the right “to inspect and coordinate” the work of the contractors. Id., 98-1814 at p. 5, 727 So.2d at 1260. The trial court granted the motion for summary judgment and this court affirmed the judgment, noting that absent care, custody, and control of the owner, no liability could be imposed under La. C.C. art. 2317. In the matter sub judice, there is no evidence put forth by Maag that CN/IC exercised any degree |fióf custody, care, or control over the tracks at the time of his accident. Thus, even if CN/IC were found to be the owner of the railroad track in question as a matter of law, such a finding would not be sufficient to impose liability on it for Maag’s injuries. See, Klein v. Cisco-Eagle, Inc., 37,398 (La.App. 2 Cir. 9/24/03), 855 So.2d 844. Thus, regardless of what vestiges of ownership might remain regarding the tracks, it is clear that Maag did not put forth evidence that CN/IC had garde over the tracks, which is essential to a finding of liability on the part of CN/IC. In fact, there is no evidence in the record that CN/IC has had anything to do at all with the track since its abandonment in 1985. Because Maag has failed to carry his burden of proof on an essential element of his cause of action against CN/IC, to-wit, that CN/IC had care, custody, control, or garde, summary judgment is warranted. We do not address whether the tracks are indeed immovables by destination, immov-ables by nature, or movables because the evidence supports CN/IC did not have garde of the site. No genuine issue of material facts exists. The trial court did ■ not err in granting CN/IC’s motion for summary judgment, as there was no genuine issue of material fact before it. For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

McKAY, J., DISSENTS WITH REASON.

. CN/IC petitioned the Interstate Commerce Commission to abandon the tracks and the abandonment was approved. One shipper on the now-defunct line and the City filed suit to contest the abandonment, but the decision of the commission was upheld. Glazer Steel Corp. v. Interstate Commerce Commission, 748 F.2d 1006 (5th Cir.1984).

.The tracks at issue were reportedly "spur” tracks, which once serviced the long defunct Empire Rice Company.

.Maag does not contest this allegation, but we note that there is no evidence in the record regarding the removal of the tracks.

.It is uncontested that CN/IC did not own the land where the railroad tracks that Maag *547 struck were located.