**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN RE: ASBESTOS LITIGATION**

| | |
|---|---|
| SANDRA KIVELL, individually and as ) | |
| Personal Representative of the Estate of ) | |
| MILTON J. KIVELL, deceased, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. N15C-07-093 ASB |
| v. ) | |
| ) | |
| MURPHY OIL USA INC. et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

August 30, 2017
*Upon Defendant Murphy Oil USA Inc.'s*
*Motion for Summary Judgment*
**GRANTED**.

## ORDER

Plaintiff Sandra Kivell ("Plaintiff") cannot satisfy the summary judgment

criteria.[1]

Plaintiff alleges that her husband, Milton Kivell ("Mr. Kivell") contracted

mesothelioma while working at Defendant Murphy Oil USA Inc.'s ("Defendant")

refinery, and Mr. Kivell's illness eventually caused his death. In August 2015, Mr.

Kivell was deposed. Mr. Kivell stated that he worked construction jobs at

---

[1] Super. Ct. Civ. R. 56; *Smith v. Advanced Auto Parts, Inc.*, 2013 WL 6920864, at *3 (Del. Super. Dec. 30, 2013); *see Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979); *Nutt v. A.C. & S., Inc.*, 517 A.2d 690, 692 (Del. Super. Ct. 1986); *In re Asbestos Litigation (Helm)*, 2012 WL 3264925 (Del. Aug. 13, 2012).

Defendant's facility in 1972 and 1979. Mr. Kivell was employed by Litwin Construction during 1972 where Mr. Kivell cut shipping brackets. A Litwin employee, Vincent Vicidomina, stated that Mr. Kivell's work for Litwin included part of the construction of the Crude Distillation, Platformer, and Hydrobon units by Litwin at the refinery. According to Mr. Vicidomina's affidavit, Defendant hired Litwin Construction as a "turnkey contractor," which is a "contractor who exercised total control of the construction of the new unit . . . and then turned the new unit over to Murphy upon completion." Additionally, "Litwin was obliged to furnish 'all mechanical design, drafting, procurement, expediting, and inspection services; equipment and materials; transportation and travel; field labor and supervision; construction tools, supplies and facilities . . . and all other things and services necessary for the installation of a battery limits process facility." Mr. Kivell also testified that the 1972 project was directed by his Litwin foreman.

In 1979 Mr. Kivell worked at Murphy while he was employed by Matthews McCraken Rutland ("MMR"), a subcontractor of the general contractor McDermott/Hudson Engineering. McDermott constructed the FCC Unit and Alkylation Unit in Area 4 of the Meraux refinery from 1977-1980. Mr. Kivell's job involved installation of tubing. Mr. Vicidomina stated that asbestos insulation products were not used in the construction of the FCC and Alkylation Unit in Area 4 of Defendant's refinery. Defendant provided the McDermott contract which states

that McDermott maintained the right to direct and control the construction and the workers. Plaintiff claims that Defendant ignores Mr. Kivell's testimony that his work at Murphy involved significant maintenance of existing equipment, and "tie-ins" of new equipment, and that Murphy specified the use of asbestos in its facility. However, this is a freestanding proposition with no citation to the record before the Court.

Defendant argues that it did not owe a duty to Plaintiff under Louisiana law, thus Plaintiff's negligence action fails. Plaintiff relies on *Thomas*[2] and *Smith*[3], two decisions applying Louisiana law. Plaintiff argues these cases demonstrate that a landowner has a duty to protect independent contractors from unreasonable risks of injury or harm. A more recent decision from the United States District Court for the Western District of Louisiana, *Roach v. Air Liquide Am.*, the court held that *Smtih* was an "improper expansion of Louisiana law," and "there is a distinction between hazards that are inherent in a defendant's premises (for which a premises owner owes a duty) and hazards inherent in an independent contractor's job (for which a premises owner does not owe a duty)."[4] The *Roach* court pointed out that the hazard to the plaintiff in that case, sandblasting silica, was "not inherent in defendant's premises; the airborne silica which was temporary in nature and transported to the facility by

---

[2] *See Thomas v. A.P. green Indus. Inc.*, 933 So.2d 843, 853 (La.Ct.App. 2006).
[3] *See Smith v. Union Carbide*, 2014 WL 4930457, (E.D. La. Oct. 1, 2014).
[4] *Roach v. Air Liquide America*, 2016 WL 1453074, at *4 (W.D. La. Apr. 11, 2016).

the plaintiff's employer and/or supplier. The hazard was inherent in the performance of the sandblasting."[5] Thus, the court found that it was the "employer's duty to ensure plaintiff's safety with respect to the specific hazards created by the performance of [plaintiff's] work."[6] Likewise, Plaintiff claims that her husband was exposed to asbestos from products used while employed by an independent contractor at Defendant's facility. Following the *Roach* decision, there is nothing in the facts for a jury to infer that asbestos was inherent in Defendant's premises. In fact, Defendant presented evidence that asbestos insulation was not used during construction of the FC Unit and Alkylation Unit in 1979.

Assuming that under a premise owner's general duty, which the *Smith* court expanded to include that a land owner "had a duty to take reasonable steps to ensure a safe working environment for the employees of an independent contractor,"[7] the record is void. Plaintiff did not provide evidence, such as, Defendant's knowledge that asbestos was being used, Defendant's specific request for asbestos use, or knowledge of the dangers of asbestos at the time Plaintiff was employed on Defendant's premises. For example, in *Thomas,* the employer's "construction manager, testified that in early 1970s [the company] was constructing and engineering power plants on a world-wide basis and knew of the hazards of asbestos

---

[5] *Id.*
[6] *Id.*
[7] *Id. See Smith v. Union Carbide*, 2014 WL 4930457, (E.D. La. Oct. 1, 2014).

exposure," and there was evidence of contracts for asbestos containing products to be used on the premises.[8] Similarly, in *Jefferson*[9], the plaintiff presented evidence that he unloaded, handled, and transported asbestos on the defendant's premises. Additionally, in *Smith*, the plaintiff presented evidence that he was exposed to asbestos while working on the defendant's premises. Here, Plaintiff has not presented any evidence to create a genuine issue of material fact that Defendant breached a duty owed to Mr. Kivell under Louisiana law. Therefore, Defendant's Motion for Summary Judgment on Plaintiff's negligence claim is granted.

Likewise, summary judgment on Plaintiff's strict liability claim is also granted. In Louisiana, to hold a defendant strictly liable, "the plaintiff must prove: (1) the thing which caused the damage was in the care, custody and control of the defendant; (2) the thing had a vice or defect which created an unreasonable risk of harm; and (3) the injuries were caused by the defect."[10] Additionally, custody, "for the purposes of strict liability, does not depend upon ownership, but involves the right of supervision, direction, and control as well as the right to benefit from the thing controlled."[11] The "[m]ere physical presence of the thing on one's premises

---

[8] *Thomas v. A.P. Green Indus. Inc.*, 933 So.2d 843, 853 (La.Ct.App. 2006).

[9] *See Jefferson v. Cooper/T. Smith Corp.*, 858 So.2d 691, 695 (La.Ct.App. 2003).

[10] *Migliori v. Willows Apartments,* 727 So.2d 1258, 1260 (La.Ct.App. 1999)(citing *Sistler v. Liberty Mut. Ins. Co.,* 558 So.2d 1106, 1112 (La. 1990)).

[11] *Haydel v. Hercules Transport, Inc.*, 654 So.2d 408, 414 (La.Ct.App. 1995).

does not constitute custody."[12] Defendant is entitled to summary judgment on the strict liability claim as well because there is nothing in the record indicating that Defendant had any type of direction, control, or ownership of an asbestos product used by Plaintiff. Mr. Vicidomina's affidavit, provided by Defendant, states otherwise. Therefore, Defendant's Motion for Summary Judgment is **GRANTED**.

  **IT IS SO ORDERED.**

/s/ Calvin L. Scott
The Honorable Calvin L. Scott, Jr.

---

[12] *Id.*