**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN RE: ASBESTOS LITIGATION**

| | | |
|---|---|---|
| SANDRA KIVELL, individually and as Personal Representative of the Estate of MILTON J. KIVELL, deceased,<br><br>Plaintiff,<br><br>v.<br><br>AIR PRODUCTS AND CHEMICALS INC. et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. N15C-07-093 ASB |

August 30, 2017
*Upon Defendant Air Products and Chemicals Inc.'s*
*Motion for Summary Judgment*
**GRANTED**.

## ORDER

Plaintiff Sandra Kivell ("Plaintiff") cannot satisfy the summary judgment criteria.[1]

Plaintiff alleges that her husband, Milton Kivell ("Mr. Kivell") contracted mesothelioma which ultimately caused his death. Plaintiff alleges that Defendant Air Products and Chemicals Inc. ("Defendant") was the premises owner of one of the facilities in New Orleans, Louisiana where Mr. Kivell worked for an independent

---

[1] Super. Ct. Civ. R. 56; *Smith v. Advanced Auto Parts, Inc.*, 2013 WL 6920864, at *3 (Del. Super. Dec. 30, 2013); *see Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979); *Nutt v. A.C. & S., Inc.*, 517 A.2d 690, 692 (Del. Super. Ct. 1986); *In re Asbestos Litigation (Helm)*, 2012 WL 3264925 (Del. Aug. 13, 2012).

contractor in the 1970s. Mr. Kivell worked at Defendant's facility while he was employed by Lou Con Inc. Mr. Kivell changed old pipe, valves, pumps, insulation, and stop leaks, and worked around Defendant's employees performing other jobs. Mr. Kivel reported to the foreman from Lou Con for his jobs. Under Louisiana law, "property owners are not liable for the negligence of an independent contractor"[2] unless the (1) independent contractor was involved in inherently or intrinsically dangerous work, or (2) the land owner exercised "control over the contractor's method of operation or giving express or implied authorization to an unsafe practice."[3]

Defendant argues that Mr. Kivell performed routine maintenance such as changing old pipes, valves, pumps, insulation, and stopping leaks, which is not inherently or intrinsically dangerous work. Additionally, Defendant argues that Plaintiff has not presented evidence showing that Defendant had control over Mr. Kivell's employer's method of operation or gave express or implied authorization to use asbestos. Defendant also argues that Plaintiff's reliance on *Smtih v. Union Carbide Corp.* is undermined by a more recent decision from the United States District Court for the Western District of Louisiana, *Roach v. Air Liquid Am.* In *Roach*, the court held that *Smtih* was an "improper expansion of Louisiana law," and

---

[2] *Davenport v. Amax Nickel, Inc.*, 569 So.2d 23, 27 (La.Ct.App. 1990).
[3] *Williams v. Gervais F. Favrot Co.*, 499 So.2d 623, (La.Ct.App. 1986).

"there is a distinction between hazards that are inherent in a defendant's premises (for which a premises owner owes a duty) and hazards inherent in an independent contractor's job (for which a premises owner does not owe a duty)."[4] The *Roach* court pointed out that the hazard to the plaintiff in that case, sandblasting silica, was "not inherent in defendant's premises; the airborne silica which was temporary in nature and transported to the facility by the plaintiff's employer and/or supplier. The hazard was inherent in the performance of the sandblasting."[5] Thus, the court found that the it was the "employer's duty to ensure plaintiff's safety with respect to the specific hazards created by the performance of [plaintiff's] work."[6] Likewise, Plaintiff claims that her husband was exposed to asbestos from products used while employed by an independent contractor at Defendant's facility. Following the *Roach* decision, there is nothing in the facts for a jury to infer that asbestos was inherent in Defendant's premises. Even assuming that under a premise owner's general duty, which the *Smith* court expanded to include that a land owner "had a duty to take reasonable steps to ensure a safe working environment for the employees of an independent contractor,"[7] the record is void. Plaintiffs have not provided evidence, such as, Defendant's knowledge that asbestos was being used,

---

[4] *Roach v. Air Liquide America*, 2016 WL 1453074, at *4 (W.D. La. Apr. 11, 2016).
[5] *Id.*
[6] *Id.*
[7] *Id. See Smith v. Union Carbide*, 2014 WL 4930457, (E.D. La. Oct. 1, 2014).

Defendant's specific request for asbestos use, or knowledge of the dangers of asbestos at the time Plaintiff was employed on Defendant's premises. For example, in *Thomas,* the employer's "construction manager, testified that in early 1970s [the company] was constructing and engineering power plants on a world-wide basis and knew of the hazards of asbestos exposure," and there was evidence of contracts for asbestos containing products to be used on the premises.[8] Similarly, in *Jefferson*, the plaintiff presented evidence that he unloaded, handled, and transported asbestos on the defendant's premises. Additionally, in *Smith*, the plaintiff presented evidence that he was exposed to asbestos while working on the defendant's premises. Here, Plaintiff has not presented any evidence to create a genuine issue of material fact that Defendant breached a duty owed to Mr. Kivell under Louisiana law. Therefore, Defendant's Motion for Summary Judgment on Plaintiff's negligence claim[9] is hereby granted.

Likewise, summary judgment on Plaintiff's strict liability claim is also granted. In Louisiana, to hold a defendant strictly liable, "the plaintiff must prove: (1) the thing which caused the damage was in the care, custody and control of the defendant; (2) the thing had a vice or defect which created an unreasonable risk of

---

[8] *Thomas v. A.P. Green Indus. Inc.*, 933 So.2d 843, 853 (La.Ct.App. 2006).
[9] Plaintiff's wrongful death claim does not seem to fit under Delaware's relation back rule. Plaintiff's wrongful death claim is dismissed with the negligence claim.

harm; and (3) the injuries were caused by the defect."[10]  Additionally, custody, "for the purposes of strict liability, does not depend upon ownership, but involves the right of supervision, direction, and control as well as the right to benefit from the thing controlled."[11] The "[m]ere physical presence of the thing on one's premises does not constitute custody."[12] Defendant is entitled to summary judgment on the strict liability claim as well because there is nothing in the record indicating that Defendant had any type of direction, control, or ownership of an asbestos product used by Plaintiff.  Therefore, Defendant's Motion for Summary Judgment is hereby **GRANTED**.

    **IT IS SO ORDERED.**

/s/ Calvin L. Scott

The Honorable Calvin L. Scott, Jr.

---

[10] *Migliori v. Willows Apartments,* 727 So.2d 1258, 1260 (La.Ct.App. 1999)(citing *Sistler v. Liberty Mut. Ins. Co.,* 558 So.2d 1106, 1112 (La. 1990)).
[11] *Haydel v. Hercules Transport, Inc.*, 654 So.2d 408, 414 (La.Ct.App. 1995).
[12] *Id.*